IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ZACHARY WILLIS,
ADC #143271                                                                                           PLAINTIFF

v.                              Case No. 5:13-cv-290-KGB-JTR

TASHA L. GRIFFIN,
Corporal, Cummins Unit, ADC, et al.                                                      DEFENDANTS

**OPINION AND ORDER**

Plaintiff Zachary Willis, a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* 42 U.S.C. § 1983 complaint alleging that defendants violated his constitutional rights (Dkt. No. 2). For the reasons discussed below, the Court grants Mr. Willis an opportunity to amend his complaint.

**I.      28 U.S.C. § 1915A Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556-57. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

In reviewing a *pro se* complaint, the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). But regardless whether a plaintiff is represented or appearing *pro se*, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II.    Analysis**

On approximately December 27, 2012, Mr. Willis was attacked by his cell mate with a shank. The attack occurred immediately after defendants Tasha L. Griffin and Charles Walker handcuffed Mr. Willis, through the cell bars, in preparation for shower call. Defendants Griffin and Walker did not enter the cell to stop the attack. Instead, they gave the assailant several direct orders to stop, and when he failed to do so, they sprayed him with pepper spray through the cell bars. According to Mr. Willis, defendants stopped the attack within two to four minutes. After the attack was over, defendants "quickly" took Mr. Willis out of the cell and "immediately" escorted him to the infirmary where he received stitches for some of his cuts. Mr. Willis

believes that defendants violated his constitutional rights by failing to prevent the attack and failing to stop the attack sooner.

To plead a viable failure to protect claim, an inmate must allege facts suggesting that, (1) objectively, there was a substantial risk of serious harm and, (2) subjectively, the defendants were deliberately indifferent to, or knew of and disregarded, that substantial risk of serious harm. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007).  Deliberate indifference "includes something more than negligence but less than actual intent to harm; it requires proof of reckless disregard of the known risk."  *Holden*, 663 F.3d at 341 (internal quotation marks omitted).

Mr. Willis has not stated a viable failure to protect claim based upon defendants' failure to prevent the attack.  This is because the complaint does not sufficiently allege that, before the attack occurred, the named defendants were subjectively aware of a substantial risk that the assailant would attack Mr. Willis.  *See Holden,* 663 F.3d at 341 (explaining that a prisoner must demonstrate that a defendant "knew of and disregarded an excessive risk" of harm).  In a grievance attached to the complaint, Mr. Willis alleged that he "informed correctional officers in the barrack about the conflict of interest" between him and his cell mate (Dkt. No. 2 at 10).  Mr. Willis, however, did not identify which correctional officers he informed or specify which, if any, named defendants were subjectively aware of the conflict of interest.

Additionally, Mr. Willis has not stated a viable failure to protect claim based upon defendants' alleged failure to stop the attack sooner, as defendants did not disregard the substantial risk of harm once the attack alerted them of it.  The Eighth Circuit has specifically stated that "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."

*Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) (citing *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989)). Thus, defendants did not violate the Constitution when they ended the attack by spraying mace from outside the cell rather than entering the cell where the assailant was wielding a shank. Regardless, Mr. Willis believes that defendants should have somehow stopped the attack sooner. However, attempting but failing to do so is not deliberate indifference, and alleged negligence does not rise to the level of a constitutional violation. *See Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (concluding that negligence is insufficient to establish a failure to protect claim, as deliberate indifference is required).

### III.    Conclusion

Therefore, as it stands, the Court finds that Mr. Willis's present complaint is too vague and conclusory to state a claim upon which relief may be granted. The Court grants Mr. Willis the opportunity to amend his complaint, to identify which correctional officers he informed, to specify which, if any, named defendants were aware of the conflict of interest, and to add any additional defendants, as appropriate. Mr. Willis should submit to this Court, within 30 days of the entry date of this Order, an amended complaint that contains all of his claims against all defendants he is suing. Mr. Willis is cautioned that an amended complaint will render his original complaint without legal effect. *In Home Health, Inc. v. Prudential Ins. Co. of America*, 101 F.3d 600, 603 (8th Cir. 1996).

SO ORDERED this 24th day of October, 2013.

_____
Kristine G. Baker
United States District Judge