# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ZACHARY WILLIS                                                                                          PLAINTIFF
ADC #143271

V.                                        5:13CV00290 KGB/JTR

COREY RAYNER, Sergeant,
Arkansas Department of Correction                                                            DEFENDANTS

## ORDER

On August 13, 2014 Defendant Corey Rayner filed a Motion for Summary Judgment (Doc. 30). On September 8, 2014, Plaintiff sought an extension of time to file a response to that motion. *Doc. 35*. The Court granted Plaintiff's request for an extension on September 12, 2014, giving him thirty days from that date to file a response. *Doc. 37*.

Plaintiff filed his response in opposition to Defendant Rayner's motion on September 19, 2014. *Doc. 38*. Pursuant to that response, Plaintiff objects to the pending motion for summary judgment on the grounds that he is "unable to read and understand the proceedings" and requires counsel. *Id. at 1*. He also requests an injunction and temporary restraining order due to his alleged placement with a violent cell-mate. *Id. at 2*. Plaintiff's response makes no attempt to address the substance of Defendant Rayner's motion for summary judgment.

The Court, as it has previously, declines to appoint counsel for Plaintiff.[1] Plaintiff has not provided a sufficient reason for the Court to reconsider its previous denials. Despite his protestations to the contrary, Plaintiff has proven, thus far, capable of litigating his own claims.

To the extent Plaintiff seeks preliminary injunctive relief, he must file a separate motion which explains precisely what relief he seeks and what arguments or evidence support that requested relief. Moreover, Plaintiff is cautioned that any motion for preliminary injunctive relief must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. See *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994). In other words, if Plaintiff intends to seek injunctive relief it must concern the failure to protect claims in the immediate action. To the extent Plaintiff has new, unrelated concerns about his safety he should file a separate action.[2] As it stands, the Court has insufficient information to address Plaintiff's request for injunctive relief.

Based on the foregoing, the Court will provide Plaintiff with a **final** opportunity to respond to the substance of Defendant Rayner's motion for summary judgment. If

---

[1] The Court has previously denied appointment of counsel on four separate occasions. *Docs. 3, 8, 28, 37.*

[2] While Plaintiff does allege that he currently feels threatened by his cell-mate, it is unclear whether he is still being housed with the same inmate whose assault forms the basis of this action.

Plaintiff chooses to submit an additional response, it should be filed within **fourteen (14) days** of this Order's entry. Plaintiff should refer to the Court's previous Order (Doc. 33) in crafting that response.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall have **fourteen (14) days** from the entry of this Order to file, if he chooses, a Response which addresses the substance of Defendant Rayner's Motion for Summary Judgment. After that time has elapsed, the Court will rule on the pleadings as they stand.

2. To the extent Plaintiff seeks appointment of counsel, that request is denied.

3. If Plaintiff seeks preliminary injunctive relief, he must file a separate motion explaining precisely what relief he seeks and what evidence supports granting such relief.

Dated this 6th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE