# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ZACHARY WILLIS,
ADC #143271                                                                    PLAINTIFF

V.                              5:13CV00290 KGB/JTR

TASHA GRIFFIN, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing
        before the United States District Judge was not offered at
        the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony
        or other evidence (including copies of any documents)
        desired to be introduced at the requested hearing before the
        United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Zachary Willis, is an inmate of the Arkansas Department of Correction

("ADC"). In this *pro se* § 1983 action, he alleges that Defendant Corey Rayner failed

to protect him from an attack by his cellmate. *Docs. 2, 6, & 21.*

Defendant Rayner has now moved for summary judgment on all of Plaintiff's

claims against him. *Doc. 30.* Plaintiff has filed a Response.[1] *Doc. 38.* Thus, the issues are joined and ready for disposition.

## II. Background

Plaintiff alleges that, on or about December 27, 2012, he was handcuffed to the bars of his cell awaiting a shower. *Doc. 2 at 5.* He alleges that his cellmate produced a knife and started attacking him. *Id. at 6.* According to Plaintiff, correctional officers Tasha Griffin and Charles Walker failed to take any action to protect him, other than verbally ordering his cellmate to stop his attacks.[2] *Id.* He alleges that the assault only stopped when Officer Walker deployed pepper spray against his cellmate. *Id.*[3]

Plaintiff's claim against Defendant Rayner is that, prior to the attack, he told Defendant Rayner about an earlier altercation with his cellmate and requested a transfer to another cell. *Doc. 6 at 1.* He asserts that Defendant Rayner told him that he

---

[1]Plaintiff's Response does little to address the substance of Defendant Rayner's Motion for Summary Judgment. Instead, it states that Plaintiff believes the appointment of counsel is required due to his inability to understand the proceedings. *Doc. 38 at 1.* The Court has already denied numerous requests for the appointment of counsel in this action. *See Docs. 3, 8, 28, 37.* After Plaintiff's initial Response, the Court entered an Order extending the period for Plaintiff to substantively respond to the pending summary judgment motion. *Doc. 39.* Plaintiff was warned that the Court would rule on Defendant Rayner's motion after that time had elapsed. *Id. at 3.* He has declined to file an additional response within the allotted time.

[2]In a previous ruling, the Court dismissed Defendants Griffin, Walker, Tate, Lay, May, and Hobbs. *Doc. 12.* Defendant Rayner is now the only remaining Defendant in this action.

[3]In Plaintiff's grievance regarding the incident he states that it was Defendant Rayner, not Officer Walker, who deployed pepper spray. *Doc. 30, Ex. B at 1.* Plaintiff later confirmed in his deposition that it was Walker who sprayed his cellmate. *Id., Ex. A. at 16-17.*

would "take care of it," but never transferred him to another cell. *Id.* Plaintiff also makes the conclusory allegation that Defendant Rayner was responsible for supervising other correctional officers and for ensuring his safety. *Id. at 3.*

In his statement of undisputed facts, Defendant Rayner states that no documentation exists regarding problems between Plaintiff and his cellmate, and that Plaintiff never requested that his cellmate be placed on his enemy alert list. *Doc. 32 ¶ 11-13.*[4] Finally, Defendant Rayner has attached to his summary judgment papers an Affidavit from the ADC's inmate grievance coordinator that states Plaintiff failed to pursue and exhaust a grievance raising this claim against Defendant Rayner. *Doc. 32 ¶ 21; Doc. 30, Ex. D.*

### III.  Discussion

The Court must decide the issue of exhaustion before reaching the merits of Defendant Rayner's other arguments in support of summary judgment. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (dismissal is mandatory if exhaustion is not completed at the time of the suit's filing).

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

---

[4]These statements are based on Plaintiff's deposition testimony. *Doc. 30, Ex. A at 26.*

until such administrative remedies as are available are exhausted." 42 U.S.C. §
1997e(a). The purposes of the exhaustion requirement include "allowing a prison to
address complaints about the program it administers before being subjected to suit,
reducing litigation to the extent complaints are satisfactorily resolved, and improving
litigation that does occur by leading to the preparation of a useful record." *Jones v.*
*Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91
(2006).

The PLRA requires inmates to: (1) fully and properly exhaust their
administrative remedies as to each claim in the complaint; and (2) complete the
exhaustion process prior to filing an action in federal court. *Johnson*, 340 F.3d at 627;
*Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Importantly, the Supreme Court
has emphasized that "it is the prison's requirements, and not the PLRA, that define the
boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548
U.S. at 90 (explaining that administrative exhaustion "means using all steps that the
agency holds out, and doing so properly so that the agency addresses the issues on the
merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with
the specific procedural requirements of the incarcerating facility. *Id.*

Defendant Rayner states that, at the time of the alleged attack, ADC
Administrative Directive 12-16 governed inmate grievance procedure. *See  Doc. 30,*

*Ex. C (ADC Adm. Dir. 12-16)*.  To fully and properly exhaust administrative remedies under the aforementioned directive, a prisoner must file: (1)  an informal resolution with the designated problem solver; (2) a grievance with the Warden; and (3) an appeal of the grievance denial to the ADC Deputy/Assistant Director.  *Id. at § IV(E) through (G)*. The directive also requires inmates to specifically name every prison employee involved in the grieved of incident. *Id. at § IV(C)(4)*.

Only one exhausted grievance has been presented by either party as relevant to the allegations in this case.[5] The grievance, numbered CU-12-3220, alleges that Officers Tasha Griffin, Charles Walker, Summerville, and Jones failed to protect Plaintiff from the attack by his cellmate. *Doc. 30, Ex. B at 1*. It also states that, before the attack, Plaintiff told *unspecified correctional officers* in the barrack that he had a "conflict of interest" with his cellmate. *Id*. The grievance names Defendant Rayner as the officer who used pepper spray on Plaintiff's cellmate to end the attack.[6] *Id*.

Based on these undisputed facts, Defendant Rayner argues that Plaintiff's failure to mention in his grievance anything about the claims he is now asserting

---

[5]In a recent filing marked "Exhibits" (Doc. 42), Plaintiff submitted additional grievances which relate to alleged retaliation that has taken place against him for the filing of this action. None of those grievances are relevant to Plaintiff's failure to protect claim against Defendant Rayner. If Plaintiff believes he has been retaliated against for filing this lawsuit, he must file a separate § 1983 action alleging that retaliation claim.

[6]As previously noted,  Plaintiff has since *admitted* that it was Defendant Charles Walker, not Defendant Rayner, who sprayed his attacker. *Id., Ex. A. at 16-17*.

against him in this action precludes him from arguing that he has exhausted those claims. *Doc. 31 at 5-6.* The Court agrees.

A prisoner's failure to specifically name a defendant in a grievance is not always fatal to his having exhausted the claim. *See Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. 2012). Nevertheless, there must be some substantive allegation in the grievance sufficient to place reviewing officials on notice of the claim so that it can be investigated and addressed; thereby potentially avoiding the need for litigation in federal court. *See Jones*, 549 U.S. at 219 (explaining that the purpose of the PLRA exhaustion requirement is to give prison officials the first opportunity to investigate and resolve a claim before it is filed in federal court).

Here, Plaintiff's grievance alleged that he told "unspecified correctional officers" in the barrack about a "conflict of interest" with his cellmate. *Doc. 30, Ex. B at 1.* He made no attempt, however, to specify the names of any of these officers and indicate whether they included Defendant Rayner. He also failed to explain what he meant by a "conflict of interest" with his cellmate. Finally, Plaintiff has not identified any other documentation which might have placed reviewing officials on notice that he was claiming Defendant Rayner had failed to act on any earlier explicit warnings that his cellmate had previously attacked him.

Plaintiff's remaining claim against Defendant Rayner, that he had supervisory

responsibility for ensuring Plaintiff's safety, is also unmentioned in the grievance. The grievance, as it stands, fails to identify any specific supervisory failings and speaks only to the alleged inaction of the officers present at the time of the incident. *Doc. 30, Ex. B at 1.* The connection between this alleged inaction in preventing the attack and Defendant Rayner's alleged supervisory failings is simply too tenuous to be deemed sufficient to have placed the reviewing officials on notice of this claim. At best, the grievance would have put reviewing officials on notice only of Defendant Rayner's use of pepper spray against Plaintiff's cellmate, an allegation that Plaintiff later explicitly recanted in his deposition testimony in this case.

Based on these undisputed facts, the Court concludes that Plaintiff failed to exhaust his administrative remedies regarding all of the claims he is now asserting against Defendant Rayner. Accordingly, the Court recommends that Plaintiff's failure to protect claims against Defendant Rayner be dismissed, without prejudice. *See Johnson*, 340 F.3d at 627.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant Rayner's Motion for Summary Judgment (*Doc. 30*) be GRANTED on the issue of exhaustion.

2.      Plaintiff's failure to protect claims against Defendant Rayner be

DISMISSED without prejudice.

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 19th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE